UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

IN RE RADIOSHACK
CORPORATION, et al.,

                Debtors,

AMHERST STATION II, LLC

                Plaintiff,

    v.

GENERAL WIRELESS
OPERATIONS, INC.

                Defendants.

16-CV-730-LJV-MJR
DECISION AND ORDER

RadioShack Bankruptcy
Case No. 15-10197

---

This case has been referred to the undersigned by Hon. Lawrence J. Vilardo for all pre-trial matters, including the determination of non-dispositive motions and the hearing and reporting of dispositive motions.  Before the Court is plaintiff Amherst Station II LLC's motion to transfer venue of this action to the United States Bankruptcy Court for the District of Delaware.  For the following reasons, plaintiff's motion is granted.[1]

RadioShack Corporation ("RadioShack") filed for voluntary relief pursuant to

---

[1] The majority view in the Second Circuit is that a magistrate judge has the authority to "grant the nondispositive relief sought in a motion to transfer venue."  *Kasparov v. Ambit Texas, LLC* (EDNY 2016).  *See also Adams v. Key Tronic Corp.*, 1996 U.S. Dist. LEXIS 19244 (SDNY 1997) ("A motion for transfer of venue under 28 U.S.C. §1404(a) is a non-dispositive motion because it can result only in the transfer of the case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction."); *Moog, Inc., v. Newport Aeronautical, Inc.*, 2016 U.S. Dist. LEXIS 81929 (WDNY 2016) (motions to transfer venue are non-dispositive); *Anscomba Broadcasting Group, Ltd. v. RJM Communications, Inc.*, 2004 U.S. Dist. LEXIS 30051 (WDNY 2004) (considering motion to transfer venue a "nondispositive pretrial determination made pursuant to 28 U.S.C. §636(b)(1)(A)" and citing cases).  In light of this precedent, the Court will issue a Decision and Order rather than a recommendation.

Chapter 11 of Title 11 of the United States Code on February 5, 2015, in the United States District Court for the District of Delaware ("Delaware Bankruptcy Court"). That action (the "RadioShack Bankruptcy") is still pending. During the RadioShack Bankruptcy, defendant General Wireless Operations, Inc. ("General Wireless" or "defendant") assumed a lease belonging to RadioShack. The premises which is the subject of the lease is owned by plaintiff Amherst Station II LLC. ("Amherst Station" or "plaintiff"). On August 26, 2016, Amherst Station commenced a summary eviction proceeding against General Wireless in the Town Court of Amherst, New York, alleging that General Wireless was wrongly holding over the lease. Defendant removed the action to this Court on the grounds that the case requires the interpretation of various directives and orders of the Delaware Bankruptcy Court as they pertain to the lease assigned to defendant. Plaintiff now moves to transfer venue to the Delaware Bankruptcy Court.

Section 1404(a) of Title 28 of the United States Code provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district to which all parties have consented." *New York Marine and General Ins. Co. v. Lafarge North America, Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). In determining whether to transfer venue pursuant to Section 1404(a), district courts engage in the following two-part inquiry: (1) whether the action might have been brought in the proposed forum; and (2) whether the transfer promotes convenience and fairness. *Forjone v. California*, 425 Fed. Appx. 73, 74 (2d Cir. 2011). The decision of whether to transfer venue is left to the sound discretion of the trial court. *Id*. In

evaluating convenience and fairness, courts may consider the following factors: "(1) the plaintiff's choice of forum; (2) the convenience of witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of parties; (5) the locus of operative facts; (6) the availability of process to compel attendance of unwilling witnesses; and (7) the relative means of the parties." *Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 832 (SDNY 2012).

Here, transfer of this matter is appropriate. Both plaintiff and defendant consent to transfer to the Delaware Bankruptcy Court.[2] Moreover, the action could have been brought in the Delaware Bankruptcy Court since that is the location of the Radioshack Bankruptcy. *See* 28 U.S.C. §1409(a) ("a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending"); 28 U.S.C. §1334(b) (a bankruptcy court has subject matter jurisdiction over all matters "arising in or related to cases under title 11"). General Wireless is a domiciliary of Delaware and has participated in the RadioShack Bankruptcy. Therefore, the Delaware Bankruptcy Court has personal jurisdiction over defendant.

Convenience and fairness also dictate that the action should be transferred. Here, both plaintiff and defendant are formed under Delaware law and defendant is a domiciliary of Delaware. Plaintiff has moved for transfer. *See In re ChannelAdvisor*

---

[2] Plaintiff's memorandum of law in support of its motion states that defendant consents to the transfer. (Dkt. No. 6-1, pg. 2) In addition, plaintiff's counsel submitted an affirmation in support of the motion which indicates that defendant, through its representative, provided plaintiff's counsel with defendant's consent to transfer the case to the United States Bankruptcy Court for the District of Delaware. (Dkt. No. 6-2)

*Corp. Securities Litigation*, 2015 U.S. Dist. 86647 (SDNY 2015) (plaintiff's choice of forum is "generally entitled to deference").  Defendant consents to the transfer, which demonstrates that Delaware Bankruptcy Court is a convenient forum for both parties. Judicial economy, a timely resolution and consistency in rulings also favor transfer. This case is closely related to a complex bankruptcy matter which is currently pending before the Delaware Bankruptcy Court.  Thus, that Court is well versed in these issues. Indeed, a transfer to the Delaware Bankruptcy Court will most likely lead to a faster resolution of the matter and would alleviate the need for another court to learn the intricacies of this complex bankruptcy proceeding.  Plaintiff states that defendant acquired numerous leases in the RadioShack Bankruptcy which may result in similar litigation.  Therefore, not only is the locus of operative facts for this case in Delaware since it directly pertains to directives and orders issued in the RadioShack Bankruptcy by the Delaware Bankruptcy Court, but keeping all lease proceedings related to the Radioshack Bankruptcy within the Delaware Bankruptcy Court will avoid inconsistent results in the interpretation of the leases.

With respect to convenience of the witnesses, plaintiff represents that it is unclear what witnesses, if any, will be needed in this matter which centers around interpretation of a lease and the directives and orders of a bankruptcy court.  However, any witnesses would likely be representatives of plaintiff, defendant or RadioShack, all of which have a connection to Delaware and the RadioShack Bankruptcy proceeding. Similarly, most of the evidence, including relevant documents and other sources of proof, are likely already part of the Radioshack Bankruptcy and in possession of the parties.

For these reasons, this matter will be transferred to the Delaware Bankruptcy Court pursuant to 28 U.S.C. §1404(a).[3]  Although this motion is unopposed and plaintiff has represented that defendant consents to the transfer, the Court will give the parties five days to appeal this Decision and Order.  If no appeal has been filed on or before November 4, 2016, the Clerk of the Court is instructed to transfer this matter to the United States Bankruptcy Court for the District of Delaware and to close the matter here.

**SO ORDERED.**

DATED:   October 31, 2016
         Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff's motion also states that this case is subject to transfer pursuant to 28 U.S.C. §1412. Section 1412 of Title 28 of the United States Bankruptcy Code provides that "a district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."  The Court agrees with plaintiff that this provision also applies and allows transfer.